IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                      )<br>                 Plaintiff,            )<br>                                                      )<br>          v.                                         )<br>                                                      )<br>GARY A. LEHNHERR,  and       )<br>RONNIE A. GARDNER,           )<br>                                                      )<br>                 Defendants.       )<br>_____) | Case No. CR-07-0008-S-BLW<br><br>**MEMORANDUM<br>DECISION AND ORDER** |

**MEMORANDUM DECISION**

The Court has before it the defendants' motion to dismiss.  On July 12, 2007, the Court heard oral argument and testimony.  At the conclusion of the hearing, the Court took the motion under advisement.  For the reasons expressed below, the Court will deny the motion.

The defendants argue first that the Fish & Game Commission had no authority to prescribe by proclamation (1) locality limitations and (2) weapon restrictions.  Idaho Code § 36-104(b)(2) specifically authorizes the Commission to declare an "open season" by rule or proclamation, finding "under what circumstances" in and "which localities" wildlife may be taken.  Idaho Code § 36-

**Memorandum Decision and Order – Page 1**

105(3) then makes it clear that a proclamation may be used to set "any season" when certain requirements are met. These sections, when read together, authorize the Commission to set by proclamation a season, which includes the setting of locality and weapon restrictions.

The defendants argue that § 104(b)(2) applies only to an "open season" as opposed to a controlled hunt. Their distinction cannot be found in any statute or regulation. A fair reading of the statutes and regulations is that a controlled hunt is a subset of an open season, not a separate entity.

Defendants respond that this interpretation renders § 36-104(b)(2) identical to § 36-105(3) and hence superfluous. The Court disagrees. The statutes must be read together and reconciled if possible under standard statutory interpretation principals. The term "open season" used in § 104(b)(2) and the term "season" in § 105(3) are used interchangeably. There is no indication that the Idaho legislature intended to split hairs and define the terms in the subtly different way advocated by defendants, which would make "season" a subset of "open season." Thus, the statutes can easily be read together without rendering either statute superfluous.

Defendants argue next that the statute, regulations, and proclamations do not prohibit a holder of a supertag from taking a deer by rifle in Area 52A. Specifically, IDAPA 13.01.08.261 [Rule 261] provides that:

**Memorandum Decision and Order – Page 2**

> Controlled Hunt Rules Not Applicable.  All rules for controlled hunts as promulgated in IDAPA 13.01.08.260 [Rule 260] PERMITS FOR CONTROLLED HUNTS do not apply to the Special Controlled Hunt Permit Program.

Rule 261 therefore only exempts the provisions of Rule 260 from applying.  Rule 260 deals with the use of controlled hunt permits, nonresident permit limitations, eligibility, applications, application requirements, refunds of controlled hunt fees, controlled hunt drawing, and unclaimed permits.

Rule 260 does not address any seasons, limits, hunt areas, or weapon restrictions.  Instead, Rule 260 sets the administrative process of applying for, drawing and using a controlled hunt permit and tag.  Thus, no reasonable person could read Rule 261 and conclude that he or she was exempted from any restriction outside of those contained in Rule 260.  In other words, no reasonable person could read Rule 261 and conclude that he or she was exempted from locality and weapon restrictions.

Here, the proclamation was clear that Hunt No. 1077 was limited to "Traditional Muzzleloader ONLY." The use of a centerfire rifle during a Muzzleloader Only or Traditional Muzzleloader Only season is specifically prohibited under IDAPA 13.01.08.410.03.c and d, and those regulations are not affected by Rule 261.

Finally, the Court can find no support for the defendants' argument that

**Memorandum Decision and Order – Page 3**

there is a distinction between a Controlled Hunt and the General MuzzleLoader Season. All the regulations point to the conclusion that the prohibition on hunting in an area reserved for muzzleloaders is equally applicable to both.

The Court likewise finds unpersuasive the defendants arguments regarding the other Counts of the indictment. For all these reasons, the Court will deny defendants' motion to dismiss.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss (Docket Nos. 19 and 30) are DENIED.

DATED: **July 13, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court